UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14004-CIV-MARRA/MAYNARD

MOCKINGBIRD 38, LLC,

    Plaintiff,

v.

BONGINO, INC.,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT

Defendant Bongino, Inc., by and through its attorneys, hereby answers and asserts affirmative defenses to the first amended complaint of Plaintiff Mockingbird 38, LLC.[1]

### INTRODUCTION

1. Admitted only that Plaintiff seeks damages for alleged copyright infringement. The remaining allegations are denied.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

4. Admitted.

5. Denied.

---

[1] For convenience, Defendant employs the section headings used in the first amended complaint. To the extent a section heading contains an allegation requiring a response, it is denied.

1

## PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

7. Admitted only that Defendant is a Florida corporation with its principal place of business in Martin County, Florida. The remaining allegations are denied.

## JURISDICTION AND VENUE

8. Admitted.

9. Admitted.

10. Admitted.

## FACTS COMMON TO ALL CLAIMS

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

15. Admitted only that Defendant is the registered owner of the website. The remaining allegations are denied.

16. Admitted only that Defendant is the operator of the website. The remaining allegations are denied.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

18. Admitted only that the website contains paid advertisements and that Defendant profits from advertisements. The remaining allegations are denied.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Admitted only that Defendant takes a role in the content posted on the website. The remaining allegations are denied.

35. Admitted only that Defendant contributes to the content posted on the website. The remaining allegations are denied.

36. Denied.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

39. Admitted.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Admitted.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## FIRST COUNT
(Direct Copyright Infringement, 17 U.S.C. § 501, et seq.)

52. Defendant repeats and reasserts each response in the preceding paragraphs.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are denied.

54. Admitted only that Plaintiff has not licensed or assigned any right to Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which are denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims are barred, in whole or in part, to the extent that the alleged copyright registration for the works is invalid or unenforceable as a result of Plaintiff knowingly submitting a copyright application with material inaccuracies.

2. Plaintiff's claims are barred, in whole or in part, to the extent that the alleged copyright or any other right to the works was not validly assigned to, or owned by, Plaintiff.

3. Plaintiff lacks standing to assert any claims to the extent that any alleged assignment of copyright or any other right to the works is invalid, as Plaintiff did not own the rights to the works at the time the alleged copyrights were registered.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

5. Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution.

6. Plaintiff's complaint fails to state a claim for which relief can be granted.

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, abandonment, estoppel, laches, ratification, or acquiescence.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff brought its complaint in bad faith or for improper purposes.

10. Plaintiff's claims are barred, in whole or in part, because any alleged liability was caused by or intervening or superseding acts of third-parties outside Defendant's control.

11. Plaintiff's claims are barred, in whole or in part, because Defendant at all times acted innocently, in good faith, and without any intent to infringe any alleged copyright.

12. Plaintiff is not entitled to relief because it failed to mitigate its alleged damages.

13. Plaintiff is not entitled to recover statutory damages or attorneys' fees pursuant to 17 U.S.C. § 412, and because Defendant did not engage in conduct allowing such relief.

14. Defendant reserves the right to assert additional affirmative and other defenses.

<u>JURY DEMAND</u>

Defendant demands a trial by jury on all issues so triable.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendant Bongino, Inc. respectfully requests that the Court enter judgment and an order in its favor and against Plaintiff Mockingbird 38, LLC as follows:

1. Dismissing with prejudice the claims in Plaintiff's first amended complaint;

2. Awarding Defendant its attorneys' fees and costs under 17 U.S.C. § 505; and

3. Awarding Defendant any other and further relief that the Court deems just, proper, and equitable.

Dated: May 13, 2021

Respectfully submitted,

/s/ Michael A. Kolcun
Michael A. Kolcun
Florida Bar No. 86043
Michael.Kolcun@arlaw.com
ADAMS AND REESE LLP
101 E. Kennedy Blvd., Suite 4000
Tampa, Florida 33602
(813) 402-2880
*Attorneys for Defendant*